# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DUANE McFEETERS,

    *Plaintiff,*

vs.

    Case No. 16-1122-EFM-KGS

BRAND PLUMBING, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Duane McFeeters brings a collective action suit and asserts a claim against Defendant Brand Plumbing under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). He alleges that Defendant failed to pay proper compensation to nonexempt employees by shaving time from employees' timecards, refusing to compensate employees for drive time on the last job of the day, and by refusing to pay an overtime premium. Defendant brings a counterclaim against Plaintiff for unjust enrichment or breach of contract. It claims that it advanced wages to Plaintiff for vacation hours that Plaintiff failed to earn before quitting. Plaintiff filed a Motion to Dismiss (Doc. 15) seeking dismissal of this counterclaim. Because the Court finds that it does not have supplemental jurisdiction and Tenth Circuit precedent disfavors counterclaims in FLSA cases, the Court grants Plaintiff's motion.

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[4] Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[7]

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678–79.

[6] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citing *Twombly*, 550 U.S. at 556)).

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

### B. Discussion

Plaintiff contends that Defendant fails to state an unjust enrichment claim against him. Defendant argues that it does. The essential elements of an unjust enrichment claim are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value."[8]

Here, Defendant alleges in the Counterclaim that it advanced to Plaintiff $720 in wages for thirty-two hours of paid vacation prior to Plaintiff earning the wages or earning the vacation hours. Defendant also alleges that Plaintiff voluntarily terminated his employment prior to the date that he would have earned the paid vacation and did not repay the unearned advanced wages. Thus, it appears that Defendant alleges all three elements of an unjust enrichment claim. This determination, however, does not end the Court's inquiry.

Plaintiff also argues that this unjust enrichment claim is in reality an improper attempt to setoff against its overtime obligation and should be dismissed. Several courts, including the Tenth Circuit, have indicated that counterclaims, particularly when they are akin to setoffs, are not allowed in a FLSA action. In *Donovan v. Pointon*,[9] the Secretary of Labor brought an action against the defendant for violations of overtime and record-keeping provisions of the FLSA.[10] The defendant employer "sought to assert set-offs, counterclaims, and third-party complaints based upon claims that two of his employees allegedly owed him money for sums which he had

---

[8] *J.W. Thompson Co. v. Welles Prods. Corp.*, 758 P.2d 738, 745, 243 Kan. 503, 512 (1988).

[9] 717 F.2d 1320 (10th Cir. 1983).

[10] *Id.* at 1321.

advanced to them and that certain employees were liable to him in tort for acts of sabotage."[11] The district court did not allow the defendant to bring these claims, and the Tenth Circuit found no error in the denial.[12] The Tenth Circuit stated that "the purpose of the present action is to bring [the defendant employer] into compliance with the [FLSA] by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."[13] The circuit noted that the defendant was free to sue his employees in state court "for any sum which he feels is due and owing him."[14]

In a more recent case from the District of Colorado, the court noted the Tenth Circuit's decision in *Donovan* and that several other courts had made the same determination.[15] As the District of Colorado noted

> [a]lthough there can be valid criticisms of the *Donovan* approach—it may be far more efficient for both the employer and employee to participate in a single, consolidated lawsuit rather than two simultaneous suits in two different jurisdictions, and federal courts can manage the case to ensure that employees' claims are promptly resolved without undue delay caused by litigation of the counterclaim—it is clear that the general trend is to sever employer counterclaims and setoffs from the action.[16]

Thus, the court dismissed the defendant's "set-off counterclaim."[17]

---

[11] *Id.* at 1323.

[12] *Id.*

[13] *Id.*

[14] *Id.* (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) and *NLRB v. Mooney Aircraft, Inc.*, 366 F.2d 809, 811 (5th Cir. 1966)).

[15] *Saarela v. Union Colony Protective Servs., Inc.*, 2014 WL 3408771, at *5 (D. Colo. July 14, 2014) (citing *Phillips v. Trans Health Mgmt., Inc.*, 2004 WL 5842401 (S.D. Tex. July 15, 2004); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010)).

[16] *Saarela*, 2014 WL 3408771, at *5.

[17] *Id.*

Furthermore, several courts have considered whether supplemental jurisdiction exists in deciding whether an additional claim or counterclaim is appropriate in a FLSA case.[18] Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Thus, the pertinent question is whether Defendant's counterclaim is so related to Plaintiff's FLSA claim that it forms part of the same case or controversy.

Here, Defendant's claim for unjust enrichment does not relate to Plaintiff's allegations of unpaid overtime. Instead, it relates to an allegation of unearned vacation pay. It does, in reality, appear to be an attempt to setoff the amount of Plaintiff's damages. The unjust enrichment claim is not so related to Plaintiff's unpaid overtime claim that it forms part of the same case or controversy. In addition, the Tenth Circuit has indicated that the allowance of counterclaims in a FLSA action "would delay and even subvert the whole [FLSA] process."[19] Thus, the Court grants Plaintiff's Motion to Dismiss.[20]

---

[18] *See Wilhem v. TLC Lawn Care, Inc.* 2008 WL 640733, at *3 (D. Kan. Mar. 6, 2008) (dismissing for lack of subject matter jurisdiction the defendant's five counterclaims because there was very little overlap in the counterclaims and the plaintiff's FLSA claim); *Lyon v. Whisman*, 45 F.3d 758, 762-63 (3d Cir. 1995) (finding that the district court did not have supplemental jurisdiction over the plaintiff's contract and tort claims for failure to pay her a timely bonus because they did not derive from a common nucleus of operative facts as her failure to pay overtime claim under the FLSA). In *Lyon*, the Third Circuit also noted that the FLSA bears a limited purpose and found "no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships." *Id.* at 764.

[19] *Donovan*, 717 F.2d at 1323.

[20] As the Tenth Circuit noted in *Donovan*, Defendant can file its state law claim in state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 15) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 7th day of November, 2016.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE