## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DUANE MCFEETERS, on behalf of himself
and all others similarly situated,

    *Plaintiff,*

  vs.

                Case No. 16-1122-EFM-KGS

BRAND PLUMBING, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Duane McFeeters, on behalf of himself and all others similarly situated, brings a claim against Defendant Brand Plumbing under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  He claims that Defendant failed to pay its employees overtime premiums.  This matter is before the Court on Plaintiff's Motion for Conditional Certification of Class Claims under § 216(b) of the FLSA (Doc. 28).  Because the Court finds that Plaintiff has met the lenient standard for conditional certification, the Court grants Plaintiff's motion.

### I.  Factual and Procedural Background

Plaintiff Duane McFeeters was employed as a plumber by Defendant Brand Plumbing, Inc. and paid on an hourly basis.  He alleges that Defendant violated the FLSA when it failed to pay him, and similarly situated employees, overtime premiums when they worked in excess of

forty hours a week.  Plaintiff seeks an order from this Court conditionally certifying a class under § 216(b) of the FLSA.

Plaintiff provides a sworn declaration in which he states that Defendant compensated plumbers on an hourly basis.  He states that plumbers frequently worked more than forty hours a week.  Plaintiff contends that Defendant's policy provides that plumbers could not take work trucks home and thus plumbers had to report to Defendant's central business location to pick up and return the truck each day.  He states that Defendant did not track and pay for drive time, particularly at the end of the work day.  Plaintiff avers that Defendant did not pay for the time it took to drive back from the last job of the day to the central location.  In addition, Plaintiff states that Defendant did not fully compensate plumbers for their drive time for jobs outside of Wichita.  Thus, he contends that plumbers were not properly paid overtime compensation.

Plaintiff asks the Court to (1) conditionally certify a class of all current and former employees of Defendant who held the position of plumber and who were not paid any overtime premium for hours in excess of forty from December 1, 2013 to the present; (2) authorize notice to be mailed to the class; (3) order Defendants to provide the names, last known addresses, last four digits of the individual's social security number, and date of birth of all putative class members in an electronic and importable format; (4) post Notice of this lawsuit in a conspicuous location where Defendant employs its employees; (5) toll the statute of limitations from the date of the filing of this motion until the close of the opt-in period; (6) designate Duane McFeeters as class representative; and (7) approve Plaintiff's counsel to act as class counsel.

## II.    Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[1]  Unlike class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a collective action brought under the FLSA includes only those similarly-situated individuals who opt into the class.[2]  But the FLSA does not define what it means to be "similarly situated."  Instead, the Tenth Circuit has approved an ad hoc, two-step approach to § 216(b) certification claims.[3]  The ad hoc approach employs a two-step analysis for determining whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[4]

First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[5]  The notice stage "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[6]  The standard for conditional certification at the notice stage is lenient and typically results in certification for the purpose of notifying potential plaintiffs.[7]

---

[1] 29 U.S.C. § 216(b).

[2] *See id.* (stating that employees must give written consent to become party plaintiffs).

[3] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in § 216(b) of the FLSA. *Id.* at 1102. For that reason, *Thiessen* controls the analysis in this case. *See Peterson v. Mortg. Sources Corp.*, 2011 WL 3793963, at *4, n.12 (D. Kan. Aug. 25, 2011).

[4] *Thiessen*, 267 F.3d at 1102-03.

[5] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[6] *Thiessen*, 267 F.3d at 1102 (quotation marks and citations omitted).

[7] *See, e.g., id.* at 1103; *Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1261 (D. Kan. 2015).

The second step of the ad hoc approach occurs after discovery.[8]  At this stage, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs; (2) defenses available to the defendant that are individual to each plaintiff; and (3) other fairness and procedural conditions.[9]

## III.    Discussion

### A.  Conditional Certification under FLSA § 216(b)

Plaintiff seeks conditional certification of a class of individuals who worked for Defendant as plumbers and did not get paid overtime.  Plaintiff alleges that Defendant had a policy, practice, and/or procedure of refusing to pay all overtime compensation to plumbers due to its policy of (1) not paying plumbers for the time it took to return the truck from the last job of the day to Defendant's facility, and (2) not fully paying for a plumber's drive time outside of Wichita. Defendant does not necessarily object to the conditional certification of a class, but it objects to the class definition and Plaintiff's request for equitable tolling.

### 1.  Class Definition Issues

Plaintiff defines the class in his motion as "all current and former employees of Defendant Brand Plumbing, Inc. who held the position of plumber who were not paid any overtime premium for hours over 40 in any work week, from December 1, 2013 to the present as

---

[8] *Thiessen*, 276 F.3d at 1102-03.  The second stage in the certification analysis is most often prompted by a motion for decertification.  *Id*.

[9] *Id*. at 1103 (citations omitted).  The court in *Thiessen* discussed a fourth factor unique to ADEA claims but irrelevant to claims brought under the FLSA.

a consequence of not being credited or compensated for driving time in a company truck."[10]
With regard to this definition, Defendant contends that Plaintiff was, in reality, a "plumber's
helper" and not a licensed plumber.  It provides an affidavit which states that it has employees,
three of which are its owners, who are licensed plumbers that are not paid on hourly basis.  Thus,
Defendant wants the class notice to state "plumber's helper" instead of plumber.

Plaintiff contends that although Defendant states that its owners are plumbers and are not
paid on an hourly basis, Defendant does not assert that any other licensed plumber or plumber
was not paid on an hourly basis.  Nor does Defendant point out that the position of plumber is
exempt from overtime requirements under the FLSA.   Accordingly, Plaintiff asserts that
Defendant has not directed the Court to a meaningful distinction at this time.

At this initial stage of conditional certification, there is no evidence that Defendant
distinguished between job duties or pay structure (hourly) for licensed plumbers, plumbers, or
plumber's helpers.[11]  Indeed, at the initial stage, the Tenth Circuit does not require any quantum
of evidence to be produced.   This district has often stated: "Generally, where putative class
members are employed in similar positions, the allegation that defendants engaged in a pattern or
practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a
single decision, policy or plan."[12]   In this case, the Court adopts a revised class definition to

---

[10] The Court notes that this proposed class definition differs from the proposed class definition in the class notice. In the class notice, it states that the collective action is brought "on behalf of all Plumbers employed by Brand Plumbing, Inc. at any time from ___, 20__, through Present" and "a Class of all persons who were employed by Brand Plumbing, Inc. as Plumber at any time between ___, 20__ through the Present."   The Court will address the above definition in an effort to appropriately define the class definition for the class notice.

[11] The sole exception appears to be with regard to three of Defendant's owners whom were paid salary and appear exempt from overtime requirements. Defendant does not make this argument with regard to any other plumbers it employed.

[12] *Renfro v. Spartan Comp. Servs., Inc.*, 243 F.R.D. 431, 433-34 (D. Kan. 2007).

include the individuals (or the term) that Plaintiff contends are covered and the individuals (or the term) that Defendant asserts are covered.  Accordingly, the class will include "plumbers, licensed plumbers, or plumber's helpers."

Defendant also objects to the class definition stating that it includes employees "who were not paid overtime as a consequence of not being credited and compensated for driving time in a company truck."  Defendant argues that this definition is overly broad.  Defendant wants to define the class as those individuals who were not credited or compensated for "(a) the time it takes to drive from the Wichita last job location back to Brand Plumbing's office; and (b) the time spent driving to and from job locations outside of Wichita."  Plaintiff does not respond to Defendant's argument.

Plaintiff defined his FLSA claim in his Complaint as one for Defendant failing to pay proper compensation to nonexempt employees for (a) shaving time from employees' timecards; (b) refusing to compensate for the time it takes to drive company work trucks from the last job of the day back to the shop; and (c) refusing to pay overtime premium with respect to travel time that occurs during the ordinary workday.  In Plaintiff's motion for conditional certification, he states that he seeks conditional class certification for plumbers, similarly situated to him, who were not properly compensated with overtime premium for all hours worked due to drive time at the end of the day and drive time for travel outside of Wichita.  Thus, Defendant's proposal appears consistent with Plaintiff's contentions.  Accordingly, the Court finds it appropriate to include Defendant's limiting language in the class definition.

### 2. Tolling Issues

Plaintiff requests that the Court enter an order tolling the limitations period during the pendency of the filing of his motion and the Court's order granting the motion.  With regard to

the proposed dates, Plaintiff defines the class as "beginning December 1, 2013 to the present."[13]

Presumably, Plaintiff proposed the date of December 1 because that is the day before Plaintiff

filed his motion (December 2) and thus the December 1 date includes time for equitable tolling.

Defendant takes issue with Plaintiff's request for equitable tolling and contends that Plaintiff

provides no basis for such tolling.

Generally, equitable tolling is only appropriate "where the defendant has actively misled

the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way

been prevented from asserting his rights."[14]   Neither ground has been asserted in this case.  In

addition, most cases in the District of Kansas consider a five-factor test when addressing

contested motions for tolling in FLSA cases.[15]   Most decisions from the District of Kansas deny

equitable tolling when it is contested and Plaintiff cannot meet these five factors.[16]   Plaintiff does

not address any of these factors, and Defendant contests Plaintiff's request.   Accordingly, the

Court denies Plaintiff's request for tolling, and Plaintiff's time limitation will be from three years

prior to the date of this order.[17]

---

[13] The proposed dates in the class notice were left blank: "at any time between ___, 20__ through the Present."

[14] *Greenstein v. Meredith Corp.*, 2013 WL 4028732, *2 (D. Kan. Aug. 7, 2013) (internal quotation marks and citations omitted).

[15] *Id.* (setting forth the test as: "1) whether the plaintiffs lacked actual notice of their rights and obligations; 2) whether they lacked constructive notice; 3) the diligence with which they pursued their rights; 4) whether the defendant would be prejudiced if the statute were tolled; and 5) the reasonableness of the plaintiffs remaining ignorant of their rights.").

[16] *Id.* (citing cases).

[17] *See Renfro*, 243 F.R.D. at 435, n.5 (noting that "the maximum reach of the limitations period for any willful violation of the FLSA would extend back only three years from the date of this order.").

### 3.  Class Definition

Based on the above considerations, the Court defines the class as follows:  "all current and former employees of Defendant Brand Plumbing, Inc. who held the position of plumber, licensed plumber, or plumber's helper who were not paid any overtime premium for hours over 40 in any work week, from February 10, 2014 to the present, as a consequence of not being credited or compensated for (a) the time it takes to drive from the Wichita last job location back to Brand Plumbing's office; and (b) the time spent driving to and from job locations outside of Wichita."  Plaintiff should ensure that this class definition is included in its Notice and is consistent throughout.

### B.  Proposed Notice of Claims and Consent to Join Form

Plaintiff submitted a proposed Notice and a Consent to Join form for the Court's review. District courts have the discretion to monitor the preparation and distribution of collective action notices.[18]  When exercising this discretion, courts must ensure fair and accurate notice and should refrain from altering the proposed notice absent necessity.[19]  Here, Defendant objected to approximately ten different items.  Primarily, Defendant's objections were based on word choice.  Plaintiff only responded to Defendant's objection to the word "plumber" and its proposed substitution of "plumber's helper."  As noted above, the Court will define the class to include plumbers, licensed plumbers, or plumber's helpers. Thus, instead of using the term "plumber" or "plumber's helper" in the notice, it should read "plumber, licensed plumber, or plumber's helper." Thus, Defendant's objection to the word plumber is overruled in part.

---

[18] *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *see also Lewis v. ASAP Land Express, Inc.*, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008).

[19] *Sloan v. Renzenberger, Inc.*, 2011 WL 1457368, at *4 (D. Kan. Apr. 15, 2011) (citations omitted).

Because Plaintiff did not respond to any of Defendant's other objections, and Defendant's proposed language changes appear reasonable, the Court sustains those objections. Accordingly, Defendant's proposed terminology (or subtraction of terminology) should be included in the Notice and Consent to Join.

### C. Information about Potential Class Members

Plaintiff also requested that the Court order Defendant to provide the names, addresses, telephone numbers, dates of employment, last four digits of the employee's Social Security number, and dates of birth in an electronic format to help Plaintiff to facilitate notice.[20] Defendant objects to providing anything other than names and addresses because it argues that the rest of the information is private and unnecessary to facilitate notice. Generally, names, addresses, telephone numbers, and dates of employment are useful for locating potential class members.[21] Social security numbers and birthdates, however, are generally private and unnecessary.[22] Thus, Defendant must provide all of the above information with the exception of social security numbers and dates of birth.

### D. Posting of Notice and Class Representative

Defendant does not object to (1) posting Notice of the Class as its place of business in a conspicuous location, (2) an order designating Plaintiff as class representative, or (3) an order approving Plaintiff's counsel as class counsel. Thus, these three requests are granted.[23]

---

[20] Plaintiff also requested location of employment, but Plaintiff only alleges one facility in Wichita. Thus, the location of employment appears self-evident.

[21] *See Koehler*, 93 F. Supp. 3d at 1265.

[22] *Id*. at 1265-66.

[23] Plaintiff's proposed 90-day opt in period is also approved.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Certify Class (Doc. 28) is **GRANTED**.  Plaintiff is authorized to send out notice, as set forth above, to each potential member of the class.  Defendant is ordered to provide Plaintiff with the names, addresses, phone numbers, and dates of employment of putative class members in an electronic and importable format, such as Microsoft Excel, within ten days of this Order.  Defendant is also ordered to post Notice of this lawsuit in a conspicuous location where it employs its employees.  Duane McFeeters is appointed class representative, and his counsel, are designated class counsel.

**IT IS SO ORDERED**.

Dated this 10th day of February, 2017.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE