IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| DUANE MCFEETERS, on behalf of himself and all others similarly situated, *Plaintiff,* vs. BRAND PLUMBING, INC., *Defendant.* | Case No. 16-1122-EFM-KGS |

**MEMORANDUM AND ORDER**

Plaintiff Duane McFeeters, and opt-in Plaintiff Jordan Dreiling, bring a claim against Defendant Brand Plumbing, Inc. ("Brand Plumbing") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiffs request that this Court (1) finally certify this action as a collective action; (2) approve the settlement of Plaintiffs' claims with Defendant; and (3) approve Plaintiffs' attorneys' fees request (Doc. 44). Defendant does not oppose Plaintiffs' motion. For the reasons set forth below, the Court grants Plaintiffs' motion.

## I. Factual and Procedural Background[1]

Plaintiff Duane McFeeters brought this FLSA case on May 3, 2016. McFeeters was employed by Defendant as a plumber's helper from September 2, 2008 to April 29, 2016. He filed this lawsuit, on behalf of himself and all others similarly situated, alleging that Defendant violated the FLSA by failing to pay its employees overtime premiums for travel time.

In early 2017, this Court granted McFeeters' request for conditional class certification. McFeeters sent notices to potential class members and only received one opt-in request. Jordan Dreiling, the opt-in Plaintiff, worked for Defendant in 2016 as a plumber and was paid on an hourly basis.

Defendant denied Plaintiffs' allegations. Had the litigation proceeded, Defendant would have asserted that, pursuant to its policies, its employees were prohibited from working overtime without prior approval from their supervisor and were responsible for submitting accurate time records for compensation on a weekly basis. Defendant has no records indicating that McFeeters or Dreiling had unpaid but compensable time. In addition, Defendant would have asserted that the time spent by McFeeters or Dreiling as a passenger traveling to and from a job site is not compensable under the FLSA. Finally, Defendant would have challenged Plaintiffs' methods (or assumptions) to calculate their alleged claims.

In August 2017, the parties reached an agreement to settle the claims asserted in the Complaint. Pursuant to the proposed settlement agreement, Defendant agreed to pay (1)

---

[1] The facts are taken from the parties' previous Joint Motion to Approve Settlement of Plaintiffs' FLSA Claims (Doc. 42) and from Plaintiffs' pending Motion and Memorandum for Final Class Certification of Class Claims under § 216(b) of the FLSA, Approval of Settlement, and Approval of Plaintiffs' Attorney Fees (Docs. 44 and 45). The settlement agreements were attached to the previous motion (Doc. 42).

$5,320.00 to McFeeters, (2) $1,209.20 to Dreiling, and (3) $8,851.00 in attorneys' fees to Plaintiffs' counsel.

McFeeters originally calculated his damages at $11,250.00. During settlement negotiations, however, he assumed that he spent approximately 1.6 hours per week traveling between Defendant's office and his job sites for which he was not compensated. Over the three year class period, McFeeters calculated that it amounted to 249 hours with unpaid wages of $3,984.00. McFeeters assumed that he would have been owed overtime for approximately 166 hours amounting to $1,328.00 and doubled for liquidated damages to $2,656.00. Thus, McFeeters calculated his total damages to be $6,640.00. Under the proposed settlement, McFeeters will receive $5,320.00, or approximately 80% of his total claim.

Dreiling calculated his damages in a similar manner. During the 17 weeks that he worked for Defendant, he believed that he had $1020.00 in unpaid wages, overtime wages at $199.30, and liquidated damages of $398.40. Thus, Dreiling's total damages were estimated to be $1,418.40. Under the proposed settlement, Dreiling will receive $1,209.20, or approximately 85% of his total claim.

The parties originally filed a Joint Motion to Approve Settlement of Plaintiffs' FLSA Claims (Doc. 42). This Court denied the parties' motion without prejudice to refiling finding that certain issues were not adequately addressed. Specifically, the parties did not request to certify a final collective action which is a necessary requirement prior to approving an FLSA settlement. In addition, the Court expressed skepticism of the attorneys' fees request because the attorneys' fee portion of the settlement seemed excessive.[2]

---

[2] At that time, the parties had submitted little information (and had submitted no supporting documentation) as to the time and work involved in the case.

Plaintiff has now filed an unopposed Motion for Final Class Certification of Class Claims under § 216(b) of the FLSA, Approval of Settlement, and Approval or Plaintiffs' Attorney Fees (Doc. 44). In addition, Plaintiffs' counsel submitted a fee statement that reflected time and expenses. The fee statement provides that a total of 32.20 hours were expended on this case through August 11, 2017, and reflects four individual's work. The pay ranged from $95 an hour to $325 an hour. The total amount of the fee statement equals $9,653.00. In addition to this fee statement, attorney Donald Peterson submitted an affidavit in which he avers that there were two additional expenses (not included on the fee statement) of $400 for the filing fee and $198.13 for running location searches to find potential class members. Thus, the total fees and expenses were $10,251.13.

As noted above, Plaintiffs' counsel seeks attorneys' fees and expenses in the amount of $8,851.00. They state that as part of the proposed settlement, Plaintiffs' counsel agreed to accept that amount, which is more than a $1,400 reduction from the total fees and expenses actually incurred. In addition, Plaintiffs' counsel does not include the time spent from August 11, 2017, through the present in finalizing the settlement as part of the request for attorneys' fees.

## II. Legal Standard

A settlement of claims under the FLSA must be presented to the Court for review and determination of whether the settlement is fair and reasonable.[3] To approve an FLSA settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned."[4] "The Court may enter a stipulated

---

[3] *See, e.g., Peterson v. Mortg. Sources Corp.*, 2011 WL 3793963, at *4 (D. Kan. 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[4] *Id.* (citation omitted).

judgment only after scrutinizing the settlement for fairness."[5] The settlement agreement must also contain an award of attorneys' fees.[6] Furthermore, when parties settle FLSA claims before the Court has made a final certification ruling, the Court must make some final class certification finding before it can approve a collective action settlement.[7]

### III.  Analysis

#### A.  Collective Action Certification

Plaintiffs seek a final collective action certification. Before a court can approve the parties' FLSA settlement, the Court must make a final certification determination.[8] To make this determination, the Court must consider whether the plaintiffs are similarly situated.[9] In this case, Plaintiffs worked as a plumber and plumber's helper and were paid on an hourly basis. Both were passengers in company vehicles to get to the customer's property for plumbing repair. In addition, both individuals were under the same policy in which they were not paid for the travel time at the end of the day from the customer's location back to the central location. Thus, the Court finds that these Plaintiffs are similarly situated.

#### B.  FLSA Settlement

Next, Plaintiffs seek approval of the proposed settlement of Plaintiffs' claims with Defendant. "To approve an FLSA settlement, the Court must determine whether: (1) the

---

[5] *Id.*

[6] *Id.* at *5; see* 29 U.S.C. § 216(b).

[7] *McCaffrey v. Mortg. Sources Corp.*, 2011 WL 32436, at *3 (D. Kan. 2011).

[8] *Id.*

[9] *Id.*; *see also Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorney's fees."[10]

    1.    *Bona Fide Dispute*

To determine whether a bona fide dispute exists, the parties must provide sufficient information to the Court.[11] Such information includes (1) a description of the dispute; (2) a description of the employer's business and the type of work the employee performed; (3) the employer's reason for disputing the wages; (4) the employee's justification for the wages; and (5) if applicable, each party's estimate of the applicable wages and hours worked.[12] Here, Plaintiffs assert that they were not properly paid overtime wages because Defendant did not pay its employees for all of their travel time. Defendant disputes Plaintiffs' claims both legally and factually. First, it asserts that it was not required to pay employees who were passengers in a vehicle. Next, Defendant contends that Plaintiffs do not have a factual basis to support their allegation of uncompensated work. Thus, the parties provide sufficient information that a bona fide dispute exists.

    2.    *Fair and Equitable Settlement*

For the proposed settlement to be fair and equitable, the Court must consider "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the

---

[10] *Hoffman v. Poulsen Pizza LLC*, 2016 WL 2848919, at *3 (D. Kan. 2016) (citing *Barbosa v. Nat'l Beef Packing Co., LLC*, 2015 WL 4920292, at *5 (D. Kan. 2015)).

[11] *Peter v. Care 2000 Home Healthcare Servs. of Hutchinson, Inc.*, 2012 WL 5897618, at *1 (D. Kan. 2012).

[12] *Id.* (citing *McCaffrey*, 2011 WL 32434, at *2).

value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable."[13]

Here, the parties state that the settlement was negotiated between the parties' attorneys over the course of two weeks. As noted above, there are questions of law and fact that exist which makes the ultimate outcome of the litigation in doubt. Because of the questions that exist, the parties state that an immediate recovery outweighs the possibility of future relief after protracted litigation. Finally, given the factual and legal issues, the parties (McFeeters, Dreiling, and Brand Plumbing) agree that the proposed settlement is fair and equitable.

3.   *Attorneys' Fees*

The last issue that the Court must consider is whether the settlement includes an award of attorney fees. The FLSA requires an award of reasonable attorneys' fees and costs.[14] To determine the reasonableness of the fee award, the Court first considers the lodestar amount, which multiplies the number of hours worked by the prevailing hourly rate.[15] The Court also considers the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[16] The twelve *Johnson* factors include: (1) time and labor required, (2) novelty and difficulty of the questions, (3) skill required to properly perform the legal service, (4) preclusion of other employment by the attorney because of the acceptance of the case, (5) customary fee, (6) whether the fee is contingent or fixed, (7) time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation, and ability of the attorneys, (10)

---

[13] *Id.*

[14] 29 U.S.C. § 216(b).

[15] *Hobbs v. Tandem Envtl. Sols., Inc.*, 2012 WL 4747166, at *3 (D. Kan. 2012).

[16] *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) awards in similar cases.[17]

Plaintiffs' counsel spent 32.2 hours on the case until the time the parties negotiated a settlement. The three attorneys each had different hourly rates of $325 an hour, $275 an hour, and $225 an hour. Based on the respective amount of time, the final bill amounted to $9,393.50, which represented a net rate of $291.71 an hour. However, Plaintiffs' attorneys are only seeking $8,851.00, which represents a net rate of $275 an hour. This rate appears to be in line with the prevailing hourly rate.

As to the *Johnson* factors, the Court discussed above the time and labor required for the case. Plaintiffs' counsel demonstrates that they have the experience and skill to handle this FLSA case and the hourly rate is customary in the legal market. Furthermore, Plaintiffs' counsel took this case on a contingent fee basis and took the risk that they would not be paid at all. Finally, the amount and result Plaintiffs received in this case appears to be within reason. Each Plaintiff will receive approximately 80% of their damages calculation.[18] In sum, the Court finds that the award of attorneys' fees is reasonable.

---

[17] *Johnson*, 488 F.2d at 717-19.

[18] Although the agreement provides for a greater attorneys' fee award to Plaintiffs' counsel than it does for the two Plaintiffs, it appears that this agreement is the nature of the case. Ultimately, Plaintiffs' damages turned out to be less significant. The fact that there were fewer damages does not take away from the time that Plaintiffs' counsel expended on the case. In addition, Plaintiffs' attorneys' fee award does not diminish Plaintiffs' recovery.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Final Class Certification of Class Claims under § 216(b) of the FLSA, Approval of Settlement, and Approval of Plaintiffs' Attorneys' Fees (Doc. 44) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 18th day of December, 2017.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE